NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JAMES LAWRENCE SHIPMAN, *Petitioner*.

No. 1 CA-CR 14-0195 PRPC
FILED 4-26-2016

Petition for Review from the Superior Court in Mohave County
No.  CR-2007-0192
The Honorable Steven F. Conn, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Gregory A. McPhillips
*Counsel for Respondent*

Law Office of Robert C. Billar, Phoenix
By Robert C. Billar
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

**P O R T L E Y**, Judge:

¶1        Petitioner James Lawrence Shipman petitions this court to review the dismissal of his petition for post-conviction relief and grant relief.  We have considered the petition for review and grant review, but, for the reasons stated, deny relief.

¶2        A jury convicted Shipman of sexual conduct with a minor and sexual abuse, both dangerous crimes against children, as well as a third count of sexual assault.  He was sentenced to an aggregate term of twenty-three years in prison; we affirmed Shipman's convictions and sentences on direct appeal. *State v. Shipman*, 1 CA-CR 08-0724, 2010 WL 2513382, at *1, (Ariz. App. June 22, 2010).  Shipman now seeks review of the summary dismissal of his first petition for post-conviction relief.

¶3        Shipman presents three issues for review.  He first argues a juror ("the juror") lied during voir dire when she claimed she did not know Shipman or know of him, and "lied by omission" during trial when a victim testified she attended the same school where the juror allegedly once worked and the juror failed to inform anyone.  Shipman further argues the juror decided the case based on her own prejudices rather than the evidence.

¶4        Shipman bases these claims on a letter "JH" wrote the court, and an investigator's notes from an interview the investigator had with JH five years later.  JH claimed that she spoke to the juror at a party after the jury returned its verdict.  JH claimed that the juror said she "knew from the beginning" that Shipman was a predator based on her thirty years of experience as a teacher, counselor, and principal at the same school one of the victims attended.  JH further claimed that the juror said that based on her experience, young girls cannot lie about these types of allegations. Finally, JH claimed that the juror admitted she knew Shipman.  Shipman did not obtain affidavits from either JH or the investigator.

¶5            We deny relief on this issue because it is precluded.  The jury returned its verdicts on March 27, 2008.  The court received JH's letter on May 5, 2008, and sent copies to Shipman and the State the same day.  JH also provided the information directly to Shipman and his counsel.  The court did not sentence Shipman until more than three months later on August 15, 2008.  Shipman could have raised the issue in a timely motion to vacate judgment pursuant to Arizona Rule of Criminal Procedure ("Rule") 24.2(a)(2) (newly discovered material facts) and/or (a)(3) (conviction obtained in violation of the United States or Arizona constitutions), and then challenged any adverse ruling in his direct appeal.  Any claim a defendant could have raised in a post-trial motion pursuant to Rule 24 is precluded.  Ariz. R. Crim. P. 32.2(a).  And none of the exceptions under Rule 32.2(b) apply.

¶6            Shipman next argues the trial court erred when it treated the sexual conduct with a minor as a dangerous crime against children for sentencing purposes.  Shipman could have raised the sentencing issue on direct appeal.  As a result, any claim a defendant could have raised on direct appeal is precluded and cannot be raised in a Rule 32 petition.  Ariz. R. Crim. P. 32.2(a).  And, again, none of the exceptions under Rule 32.2(b) apply.

¶7            Finally, Shipman argues the trial court erred when it denied his motion to amend his petition for post-conviction relief, a motion Shipman did not file until after the court dismissed the petition.  We deny relief on this issue as well.  The decision to grant or deny a motion to amend is within the discretion of the trial court.  *Hall v. Romero*, 141 Ariz. 120, 124, 685 P.2d 757, 761 (App. 1984).  Rule 32.6(d) allows a party to amend a pleading in a post-conviction relief proceeding only by leave of court after a showing of good cause.  Ariz. R. Crim. P. 32.6(d).

¶8            The court found Shipman failed to show good cause for seeking to amend his petition after it had been dismissed.  The court, in relevant part, ruled that the motion to amend was, in essence, a post-ruling reply to the State's response to his petition, given that he did not file a reply to the State's response.  The court also found the motion to amend was a reply to the minute entry dismissing the petition, as well as an attempt after the ruling to address the shortcomings of the petition that the court identified in its minute entry.  Finally, the court noted that Shipman sought to amend by providing materials he did not include with his original petition, but which he had possessed for a year.  Based on the record and

pleadings, we do not find that the trial court abused its discretion by denying Shipman's post-dismissal motion to amend his petition.[1]

**¶9**          Accordingly, having reviewed the record, we grant review, but deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[1] The additional materials in the motion to amend addressed a claim of alleged misconduct by another juror.  Shipman does not present that issue as a separate issue for review and, therefore, we do not address it.

4